STATE, RESPONDENT, *v.* KING, APPELLANT.

GRAND JURY— *Organization— Challenge to panel.*—In the case at bar the judge of the district in which the defendant was tried ordered a grand jury to be summoned, and afterwards directed that the venire be returned, and the persons who had been served, notified that their services would not be wanted. The sheriff's return showed that all the persons drawn to act as grand jurors had been served. Upon the meeting of the court it was ordered as follows: "It appearing that no grand jurors have been summoned and that a grand jury is wanted: Ordered, that the judge and clerk of this court do forthwith prepare a list of twenty persons competent to serve as grand jurors, who shall be summoned by the sheriff to be and appear before said court on the ninth day of January, 1890, at ten o'clock, A. M." The persons summoned under the latter order were selected to serve. A challenge interposed by the defendant to the panel, for the reason that the same was not drawn in accordance with the essential provisions of the law of Montana, was overruled. *Held,* that under section 14 of an act relating to jurors, approved March 14, 1889, making it lawful for the judge of the District Court and the clerk of the court to prepare a list of names of persons to be summoned as grand jurors, when from any cause during the term of a court a grand jury is wanted, and under section 8, article iii. of the Constitution, declaring that a grand jury shall only be drawn and summoned when the district judge shall in his discretion consider it necessary and shall so order, the grand jury was legally organized, though the order did not show the necessity therefor, and though it consisted of seven persons. *Held, also,* that the prosecution of the defendant by indictment and not by imformation was proper. (Case of *State v. Ah Jim, ante,* p. 167, affirmed.)

INDICTMENT— *Two offenses—Accessory.*—An indictment which charged the appellant with murder in the first degree and another person with being an aider and abettor is not demurrable as charging two offenses, as under the laws of this State an accessory may be charged, tried, and convicted in the same manner as if he were principal.

EVIDENCE— *Res gestæ—Proof of threats.*— The testimony of a witness who heard the defendant say to his accessory, a few moments before the shooting, that he would "kill the son of — ——" is part of the *res gestæ* and admissible, though the threat did not disclose the name of any person, it being established by the evidence that the person so threatened was the deceased.

INSTRUCTION— *Reasonable doubt.*—An instruction, defining a reasonable doubt, which uses the phrases, "in their own most important concerns or affairs of life," and "in the graver and more important affairs of life," is not erroneous as conflicting.

*Appeal from Fifth Judicial District, Jefferson County.*

The defendant was tried before GALBRAITH, J.

*George D. Greene,* and *W. L. Hay,* for Appellant.

The court erred in overruling the defendant's challenge to the panel of the grand jury. (Laws of 16th Legislative Assembly, p. 166, §§ 4, 14; Comp. Laws, p. 427, § 119; p.

428, § 129; *McQuillen* v. *State of Mississippi*, 8 Smedes & M. 597.) The court cannot at his will discharge a grand jury regularly drawn. (*State* v. *Bownan*, 73 Iowa, 110; *Judge* v. *State*, 8 Ga. 173; *Mosseau* v. *Veeder*, 2 Or. 113; *State* v. *Jacobs*, 6 Tex. 99; *O'Brynes* v. *State*, 51 Ala. 25.) The judge and clerk alone should have selected the grand jury. (Laws of 16th Legislative Assembly, p. 166, § 14.) The order of the court directing the selection of a grand jury should show the necessity therefor. (Const. § 8, Declaration of Rights.) The defendant had the right to have the panel of the grand jury challenged by him under the direction of the court, and not seven of them only, to inquire into the charge against him. (Comp. Stats. p. 428, § 121.) It is admitted that the defendant was duly committed by an examining magistrate, and in such cases a prosecution cannot be had by indictment under the constitution of this State. (Declaration of Rights, § 8; Enabling Act, § 24.) The indictment was found by an illegal jury in this: A grand jury was drawn by the jury commissioners and discharged by the court without cause after nine of them had been summoned by the sheriff in accordance with law. Another grand jury was drawn under an order of the court by the judge and clerk thereof, which last-mentioned grand jury found the indictment under which the defendant was tried and convicted. Said indictment was therefore void. (*State* v. *Bowman*, 73 Iowa, 110, and cases cited *supra*.) The court erred in overruling the defendant's demurrer because two separate offenses are charged against different individuals in the same indictment. (Comp. Laws, p. 443, § 212.) L. T. Moffatt and Henry Guthrie were not competent trial jurors. (*United State* v. *Upham*, 2 Mont. 170.) The testimony of John Harrington was incompetent and immaterial and tendered to prejudice the minds of the jury. Instruction No. 16 conflicts in its definition of the term "reasonable doubt," and tended to confuse the minds of the jury as to the correct meaning of that term. (Hayne on New Trial and Appeal, § 123, and cases cited; *People* v. *Messersmith*, 57 Cal. 575; *Chicago etc. R. R. Co.* v. *Payne*, 49 Ill. 499.)

*Henri J. Haskell*, Attorney-General, and *M. H. Parker*, County Attorney, for the State, Respondent.

Appellant's first point is not well taken. So much of section 8 of the bill of rights, which provides for the prosecution of criminal actions in the District Court by information, is not self-executing. (*State* v. *Ah Jim, ante,* p. 167.) To sustain the challenge interposed by defendant on this ground would necessitate declaring the entire section of the bill of rights self-executing. This would be in contravention to the ruling of this court in the case last cited, as well as the cases of *Kring* v. *Missouri,* 107 U. S. 221; *People* v. *Tisdale,* 57 Cal. 104; *In re Petty,* 22 Kan. 477. The second ground of challenge is not tenable for the reasons: (1) The challenge does not specify wherein the drawing did not comply with the requirements of the law of this State. (2) It is within the discretion of the court, if the grand jury impaneled is not competent as such, to investigate the charge against any person held to answer for an offense, by an order, to be entered in its minutes, to direct the clerk of the court to issue a venire to the sheriff commanding him to summon another grand jury. (3) Where the grand jurors have been summoned, and by the court excused or discharged, it shall be lawful for the judge of the District Court, and for the clerk of the court or his deputy, under the direction of the judge, to prepare a list of the names of a sufficient number of persons competent to serve as grand jurors, who shall be summoned by the sheriff to attend at such time as the court may direct. The fourth point made by appellant involves a constitutional question, which has been passed upon by this court in the case of *State* v. *Ah Jim,* and adversely to the defendant. It raises the question of procedure, and further, that the rule of procedure in force at the time shall not be altered so as to affect the party charged. The converse of this proposition is that there is no such thing as a vested right to a particular remedy. (*Sharp* v. *Contra Costa County,* 34 Cal. 284; *People* v. *Mortimer,* 46 Cal. 118; *People* v. *Campbell,* 59 Cal. 243; *Springfield* v. *Hampden Commrs.* 6 Pick. 508; Cooley on Constitutional Limitations [4th ed.], p. 331.) We do not consider that the first and second points raised by the demurrer are well taken, for the reason that the demurrer must distinctly specify the grounds of the objection to the indictment. It must point out wherein more than one offense has been charged. It must distinctly specify what

two persons have been charged, and the offense each is charged with. The law makes the accessory before the fact the same as the principal, therefore the indictment shall charge but one offense; but it may set forth such offense in different counts. (§ 188, p. 438, Comp. Stats.) The giving of instruction 16 by the court is claimed as error in this, that the same is not law and is misleading. That the same is law, see Sackett on Instructions to Juries, p. 481, §§ 1, 2, 4; 3 Greenleaf on Evidence (13th ed.), § 29, and note; *Commonw.* v. *Webster*, 5 Cush. 320; *Miller* v. *People*, 39 Ill. 464.

BLAKE, C. J.—The defendant was found guilty of the crime of murder in the first degree, and this appeal has been taken from the order of the court below in overruling the motion for a new trial. The appellant and George Peters were indicted January 14, 1890, by a grand jury, consisting of seven persons, and separate trials were demanded and allowed. The alleged offense was committed November 29, 1889, in the county of Jefferson.

The first error that is assigned appears in different motions, and relates to the organization of the grand jury that returned the indictment. The following order was made at chambers November 25, 1889, by the judge of the judicial district:—

"Ordered, that out of the twenty persons whose names are contained in the proper envelope, labeled as follows, to wit, 'grand jurors' for the next regular term of the District Court of Jefferson County, the names of nine of said persons be drawn by the clerk of said court, or his proper deputy, and of the judge of said court if he be there present, in the presence of the sheriff, or his proper deputy, to be summoned as grand jurors, to serve at the next regular term of said court, which commences on the first Monday in January, A. D. 1890, and that a proper venire do issue for said nine persons, returnable on the first day of said term, at ten o'clock, A. M. See Laws of Montana, Sixteenth Session, pages 166 and 167, and especially sections 4 and 7, and in so far as possible conform with the provisions thereof. In re." This order was complied with, and the venire containing the names of the above described nine persons was issued to the sheriff November 30, 1889. The judge of the District Court

instructed the clerk by a letter which was received December 15, 1889, to "advise" the officer that he had "concluded to dispense with the use of a grand jury at the January prox. term," and to return this venire; and also to notify the persons who had been summoned that their services would not be wanted. The clerk acted accordingly. The sheriff made his return on the venire January 1, 1890, showing that all of these persons had been personally served to appear and act as grand jurors. The following order was made by the court January 7, 1890: "It appearing that no grand jurors have been summoned and that a grand jury is wanted: Ordered, that the judge and clerk of this court do forthwith prepare a list of twenty persons competent to serve as grand jurors, who shall be summoned by the sheriff to be and appear before said court on the ninth day of January, 1890, at ten o'clock, A. M." In conformity therewith, these persons were selected to serve as grand jurors, and in open court, the defendant was notified of his rights of challenge before they were sworn. A challenge was then interposed to the panel "for the reason that the same was not drawn in accordance with the essential provisions of the laws of Montana." The particulars will be commented on hereafter. This challenge was overruled, and thereupon the clerk, by order of the court, selected by lot from this list of twenty a grand jury composed of seven persons, who were duly sworn and charged. The foregoing indictment was presented January 14, 1890.

The challenge to the panel is based upon the provisions of the Criminal Practice Act, Compiled Statutes, third division, section 119. The appellant contends that the persons who were summoned to serve as grand jurors under the order made November 25, 1889, were discharged without lawful authority, and that the proceedings by virtue of the order made January 7, 1890, were void. The act relating to juries, approved March 14, 1889, should be faithfully executed so that the names of the persons who may become grand or trial jurors shall be always selected by the commissioners who are designated. But circumstances may arise which will render its requirements nugatory, and the transcript shows that this event occurred. The statute, however, provides directly for this contingency in these terms:—

"When, for any cause on the meeting of, or during the term

of a court, a grand jury is wanted, or there is not a sufficient number of grand jurors present, or those summoned have been excused or discharged, it shall be lawful for the judge of the District Court, and for the clerk of the court, or his deputy under the direction of the judge, to prepare a list of the names of a sufficient number of persons competent to serve as grand jurors, who shall be summoned by the sheriff to attend at such time as the court may direct." (§ 14.)

The constitution declares that "a grand jury shall only be drawn and summoned when the district judge shall, in his discretion, consider it necessary and shall so order." (Art. iii. § 8.) It is claimed that the order complained of should show the necessity therefor. While the clause is self-executing, and the language of the statute has been followed in stating that it appears that a grand jury is wanted, it is evident and will be presumed that the judge considered his action necessary.

It is maintained by the appellant that the grand jury should have consisted of sixteen persons; that the statute requiring the foreman to indorse indictments does not contemplate a body of any other number; and that the prosecution should have been by information. We have placed these matters together, because they have received due consideratian in the case of *State* v. *Ah Jim, ante,* p 167. These constitutional questions were therein examined and determined adversely to the position of the appellant, and we affirm its conclusions. The indictment was found by a legal grand jury, and the challenge to the panel and the motion to quash the indictment were properly overruled.

A demurrer to the indictment was submitted upon the ground that two offenses are charged, one against the appellant for murder in the first degree, and the other against Peters for being an aider and abettor. The statute has abolished the refined distinctions which formerly prevailed in this regard, and provides as follows: "Any person who counsels, aids, or abets in the commission of any offense, may be charged, tried, and convicted, in the same manner as if he were a principal." (Comp. Stats. third div. § 176.) In *People* v. *Davidson,* 5 Cal. 134, the Supreme Court interpreted a similar law and said: "The indictment, in charging Davidson and Kennedy with an assault with an intent to commit murder, and afterwards Kennedy with

being an accessory, charges but one offense. . . . . It is not error to charge the defendant as principal and accessory in the same indictment."

It is argued that the testimony of John Harrington "was incompetent and immaterial, and tended to prejudice the minds of the jury." This was in substance that he was standing by the door at the head of the stairs, and heard the defendant say when going out of the door that he would kill the son of ——. "King was talking to Peters. He did not say who he would kill." It is uncontradicted that there was a difficulty between the accused parties and the deceased in the hall spoken of by the witness, where there was a dance, and that they passed down the stairs a few moments before the fatal shot was fired by the appellant. James Higgins testified that he "saw King and Peters there at the foot of the stairs . . . . and I heard Thomas King say 'smash the son of —— —— when he comes down the stairs.' He made this remark to George Peters, and he did not say the name of any party or person." We are satisfied, after the reading of the evidence, that the testimony of the witness, Harrington, was a part of the *res gestæ*, and should therefore be considered by the jury in its relations to the entire transaction. The bare fact that the threats thus uttered did not disclose the name of any party did not make them immaterial or irrelevant. The evidence in the transcript establishes beyond a reasonable doubt that the person so threatened was the deceased.

An examination of the record shows that every issue in the case was thoughtfully covered by the court in twenty-nine instructions. They follow the sections of the statute, which, with some modifications and explanations that should be adjusted to the exceptional facts of each controversy, embody the law which is applicable. No requests were made by the appellant for further instructions, and he now attacks with authorities that which defines a reasonable doubt, and the sole criticism is that it embraces conflicting phrases. It is claimed that the expression, "in their own most important concerns or affairs of life" contradicts the words, "in the graver and more important affairs of life." Viewing the whole paragraph, there is no difference in the meaning of both clauses, and the rule that con-

flicting instructions are erroneous has no bearing upon the proposition.

We conclude that the appellant has had a legal trial, and that the verdict is founded upon the law and the evidence.

It is therefore ordered that the judgment be affirmed, and that the same be carried into effect as entered in the court below.

HARWOOD, J., and DE WITT, J., concur.