[No. 1152.   Decided February 9, 1894.]

THE STATE OF WASHINGTON, *Appellant*, v. WILLIAM K. WHITE, *Respondent*.

CRIMINAL LAW — APPEAL BY STATE — CERTIORARI TO JUSTICE OF PEACE — RIGHT OF ACCUSED TO COPY OF COMPLAINT — JUDGMENT — COSTS.

Where, in a criminal case, the defendant, after having been found guilty before a justice of the peace, has had the cause removed by certiorari to the superior court, which reversed the judgment of the justice of the peace, an appeal will lie on the part of the state to the supreme court, under the provisions of §1, subd. 7, Laws of 1893, p. 120.

Certiorari will lie, under Code Proc., §1621, for the removal of criminal actions from a justice of the peace to a superior court.

A justice of the peace is not required, under art 1, §22 of the constitution, to prepare a copy of the complaint in a criminal action and deliver it to the accused, but the constitutional mandate is sufficiently complied with when the accused is given the complaint and told to make a copy of it if he chooses to. (DUNBAR, C. J., and STILES, J., dissent.)

The judgment rendered by a justice of the peace is not void for want of signing, when his docket shows that all the proceedings were entered consecutively under the title of the cause and that the justice signed the docket at the conclusion thereof.

Where the only error committed by a justice of the peace in the trial of a criminal action was in taxing the costs under the provis-

ions of a law which had been repealed, the superior court should, in reviewing said action in certiorari proceedings, retax the costs and affirm the judgment.

*Appeal from Superior Court, Stevens County.*

*L. B. Reeder*, Prosecuting Attorney, *W. J. Galbraith*, and *James A. Haight*, for The State.

*Slater & Mantz*, and *Thomas C. Griffitts*, for respondent.

The opinion of the court was delivered by

SCOTT, J. — The defendant was arrested upon a charge of assault and battery, and brought before one G. M. Welty, a justice of the peace of Stevens county. Upon an application for a change of venue, the cause was transferred to one I. I. Hughes, a justice of the peace for the same county, before whom a trial was had, and defendant was found guilty, and fined one dollar and costs of suit. The defendant removed said cause, by writ of certiorari, to the superior court of said county, and a judgment was there rendered reversing the judgment of the justice of the peace aforesaid, and ordering "that the defendant be released from the penalty thereof." From this judgment of the superior court the state has appealed.

The defendant urges that no appeal could be taken by the state, for the reason that it does not come within any of the provisions of the statute (Laws 1893, p. 120, § 1, subd. 7) authorizing an appeal by the state in criminal actions; and on the further ground that the defendant has been acquitted on a trial upon the merits, and that a reversal of the judgment of the superior court would be putting him twice in jeopardy.

We do not think the judgment rendered in the superior court can be considered as an acquittal of the defendant upon the merits, within the meaning of the section aforesaid; nor would a reversal thereof have the effect of put-

ting the defendant twice in jeopardy. Such an appeal does not involve a re-trial of the original issue.

It is contended by the state that certiorari will not lie to remove a criminal action from a justice of the peace to a superior court, but we are of the opinion that this objection is not well taken. The statute in question, § 1621, Code Proc., giving a remedy by certiorari, does not attempt or purport to limit the proceedings to civil actions, nor is there any apparent reason or ground why the same should be so limited.

It is further contended by the state that if the writ would lie there was no error in the proceedings before the justices of the peace aforesaid sufficient to warrant a reversal of the judgment in the superior court. To determine this it will be necessary to examine the points which were raised by the defendant in the superior court in the certiorari proceeding. It is contended by the defendant that these proceedings were erroneous upon several grounds, one of which is that he was refused a copy of the complaint upon which he was tried. It appears that when defendant was first brought before Justice Welty he demanded a copy of the complaint, but that the same was refused, and that upon the trial before Justice Hughes, after a jury had been impaneled, he again demanded a copy of the complaint, whereupon the justice handed him the original complaint, with the remark that he could make a copy if he chose to. No objection was made to this by the defendant, and as far as the record shows, he acquiesced therein. He contends, however, that under § 22, art. 1 of the constitution he would be entitled to a copy, and to have the same prepared for him by the court, or under its direction.

There is no act of the legislature requiring justices to furnish a copy. The only legislative provision is with reference to the furnishing of a copy by clerks of the supe-

rior courts, and that provides a copy shall be furnished the
defendant, or that he shall be given an opportunity to
make one. Sec. 1223, Code Proc. The legislature has
thus deemed an opportunity to take a copy a sufficient
compliance with this constitutional provision, and there is
no substantial reason for holding that it is not. The con-
stitution does not in terms require the court to make the
copy, or cause one to be made, and delivered to the de-
fendant, but says substantially that the defendant shall
have a right to a copy. No point is made in respondent's
brief over the fact that he was refused a copy of the com-
plaint by Justice Welty.

It is further contended that the judgment of the justice
of the peace is void, on the ground that it was not signed,
and that the transcript does not show when such alleged
judgment was entered. A transcript of the justice's
docket, showing the proceedings had in the cause, appears
in the record. It shows that the verdict was rendered
March 30, 1893, and that a judgment was rendered thereon
for the amount thereof on the same day, and it shows that
the cause was then adjourned at the request of the defend-
ant to March 31st, and again at his request until April 3d,
at which time he served the writ of certiorari. These
proceedings were entered by the justice in his docket con-
secutively under the title of the cause, as is the custom in
courts of justices of the peace, and at the conclusion
thereof he signed the docket, and this is all that is re-
quired.

It appears that the costs were taxed by the justice of
the peace under the provisions of § 2086 of the 1881 Code,
which had been repealed by the act of March 9th (Laws
1893, p. 143), and which reduced the costs in such cases
very materially. We do not think the record discloses
any material error aside from this in the proceedings in

the justice's court.   Consequently the judgment rendered by the superior court is reversed, and the cause remanded, with instructions to set aside its judgment of reversal, and to affirm the judgment rendered in the justice's court, with the exception that the costs shall be re-taxed by the superior court under the law aforesaid in force at the time of the trial, and that the costs of this appeal be included in such judgment, and judgment rendered for the whole thereof.   It is further .considered that the judgment so rendered be enforced in the superior court, if not paid or stayed by the defendant, by a levy upon his property, or by proceeding upon the bond filed by him in removing said cause by the certiorari proceeding aforesaid, or by again apprehending the defendant, and enforcing the same by imprisonment, as provided by law.

HOYT, J., concurs.

ANDERS, J., concurs in the result.

DUNBAR, C. J. (*dissenting*).— I am unable to agree with the majority in their construction of § 22, art. 1 of the constitution.   The section is as follows:

"In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed, and the right to appeal in all cases; and in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed."

It seems to me that under that section it becomes the imperative duty of the court to furnish the defendant a

copy of the information when it is demanded, and that it is not enough to give him access to the record with permission to copy. It is a copy, and not the record, that is guaranteed to him by the constitution. He is entitled to a copy to take with him for careful inspection of himself or counsel. He may not be able to copy the indictment himself, and the constitution expressly says that he shall not be compelled to advance money or fees to secure this right. It might as well be said that he should be compelled to serve the process for the attendance of witnesses if the subpœnas or warrants were placed in his hands. It seems to me that the constitution could not in more explicit language have provided for furnishing him a copy, and I never will consent to a court's depriving a defendant of this plain constitutional right by an assumption that some other right is equivalent to the right guaranteed by the constitution, which is the only theory upon which the action of the court in this case can be maintained. There is nothing in the record, in my judgment, to show any acquiescence on the part of the defendant. He made a demand which was refused, and there was nothing left him but to remain silent. As I think he was entitled to a writ of certiorari, the judgment should be affirmed.

STILES, J., concurs.