STATE, RESPONDENT, *v.* GLEIM, APPELLANT.

[Submitted September 18, 1895. Decided October 7, 1895.]

ACCESSORY—*Indictment.*—While the old distinctions between accessories before the fact and principals are abolished by statute, there is no objection to an indictment which first charges the guilt of the principal and then sets out the facts constituting the defendant an accessory. (*State* v. *King*, 9 Mont. 445, cited.)

SAME—*Evidence—Record of conviction.*—On the trial of one indicted as an accessory before the fact, where the principal has been already convicted, the record of such conviction is admissible against the defendant as *prima facie* evidence of the guilt of the principal of the crime charged against him.

ATTORNEY AS WITNESS—*Rules of court—Argument to jury.*—The enforcement of a rule of court prohibiting an attorney from arguing a case to the jury, unless by permission of the court, where he has offered himself as a witness in behalf of his client and given evidence on the merits of the case, is not error when it did not appear that before giving his testimony he had asked permission to argue the case.

CIRCUMSTANTIAL EVIDENCE—*Instructions.*—In a criminal prosecution where the evidence is wholly circumstantial it is necessary for the state to prove each fact and circumstance to complete the chain by competent evidence beyond a reasonable doubt, and it is reversable error to charge the jury that it is not necessary that they should be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied on to establish the defendant's guilt, but that it is sufficient if, taking all of the testimony together, they are satisfied beyond a reasonable doubt of his guilt. (*Territory* v. *McAndrews*, 3 Mont. 158, cited.)

ADMISSIONS—*Instructions—Weight of testimony.*—The jury being the sole judges of the weight to be given to the testimony, it is error to charge the jury that testimony of verbal admissions of the defendant was entitled to great weight. (*State* v. *Sullivan*, 9 Mont. 174, cited.)

WITNESS—*Cross-examination.*—It is improper for the state in the cross-examination of a defendant to propound questions calculated to degrade the defendant before the jury where such questions are not cross-examination of the defendant's evidence in chief and do not legitimately tend to impair the credibility of the defendant as a witness.

JURORS—*Competency.*—A juror who has formed a fixed opinion as to tlie guilt or innocence of the person charged to be the principal offender ought not to sit upon the trial of the person charged as an accessory.

WITNESS—*Cross-examination as to morphine habit.*—It is not error to refuse to permit a witness to be asked on cross-examination, for the purpose of affecting her credibility, whether or not she is addicted to the morphine habit, unless it is proposed to show that the witness was under the influence of the drug at the time the events happened about which she testifies, or at the time of testifying, or that her powers of recollection were impaired by its use.

INSTRUCTION—*Moral Certainty.*—Where moral certainty is defined to the jury the instruction should state that the juror, to be morally certain, must be so convinced by the evidence of the truth of the fact sought to be proved that he himself would venture to act upon such conviction in matters of the highest concern and importance to his own interests. (*Territory* v. *McAndrews*, 3 Mont. 158, cited.)

*Appeal from Fourth Judicial District, Missoula County.*

CONVICTION for assault with intent to commit murder. The defendant was tried before WOODY, J. Reversed.

*Toole & Wallace,* for Appellant.

There is no provision in the Criminal Practice Act authorizing a defendant to be charged, tried or convicted as an accessory before the fact. Nor is there any provision contained therein authorizing one who, not being present, aids and encourages the commission of the crime, being tried in any other character than that of principal. The indictment does not charge that the appellant committed the crime of assault with intent to murder. For this reason the indictment will not

support the verdict and conviction for that crime. (*Usselton*
v. *People*, 36 N. E. Rep. 952; *Binge* v. *Com.*, 92 Ky. 1;
*State* v. *Phelps*, 59 N. W. Rep. 471; *Baxter* v. *People*, 3
Gilman 368; *Cotes* v. *People*, 72 Ill. 303.) This appellant, in
order to warrant a verdict and judgment against her, such as
is rendered here, should be charged with attempt to commit
the murder directly, or through the said Mason. (*People* v.
*Blevins*, 112 N. Y. 79; 8 Am. St. R. 701; *People* v. *Outer-
veras*, 48 Cal. 29; approving *Baxter* v. *People, supra*; *State*
v. *Mark*, 25 P. 39.)

Under the statute the distinction between principal and ac-
cessory is abolished, and all are made principals, who should
be charged as such. Therefore the admission of the record of
the conviction of Mason against appellant, she being also a
principal, was error. (*State* v. *Patterson*, 34 Pac. Rep. 794;
*Searles* v. *State*, 6 Ohio Cir. Ct. 331; *State* v. *Bogen*, (Kan.)
34 Pac. Rep. 412; *State* v. *Bowker*, 38 Pac. Rep. 124; *Peo-
ple* v. *Undong*, 39 Pac. Rep. 12; *People* v. *Wells*, 100 Cal.
459; 34 Pac. Rep. 1078; *People* v. *Hill*, 34 Pac. Rep. 854;
*People* v. *Dye*, 16 Pac. Rep. 537; *Yourice* v. *Territory*, 29
Pac. Rep. 894; *Holder* v. *State*, 25 S. W. Rep. 279; *People*
v. *Crapo*, 76 N. Y. 288; *People* v. *Brown*, 72 N. Y. 571;
*Grifford* v. *People*, 87 Ill. 210; *Hayward* v. *People*, 96 Ill.
492; *People* v. *McGungill*, 41 Cal. 429; *Fletcher* v. *State*, 49
Ind. 124; *State* v. *Beal*, 68 Ind. 345; *State* v. *Ryan*, 6 Mo.
App. 592; *State* v. *Gibbs*, 10 Mont. 213.)

A witness for the state was asked upon cross-examination,
for the purpose of affecting her credibility, if she was not an
habitual morphine eater, and an objection to the question was
sustained. This was error. The question was competent.
(*State* v. *White*, 39 Pac. Rep. 160; 2 Wharton & S. Med.
Jur. 334; 1 Rice on Evidence 625.)

By the modification of defendant's instruction No. 27 the
court refused to instruct the jury, that each fact and circum-
stance *necessary* to complete the chain to fasten the guilt upon
the defendant, must itself be distinctly and independently
proven by competent evidence *beyond a reasonable doubt.*

(*State* v. *Gibbs,* 10 Mont. 220; *Graves* v. *People,* 32 Pac.
Rep. 63; *Claw* v. *People,* 10 Pac. Rep. 799.) No instruction
covering this particular point being given, the general instruc-
tions as to reasonable doubt will not cure the error. (*Sumner*
v. *State,* 5 Blackford 28; *People* v. *Eckhardt,* 19 Cal. 604;
2 Thompson on Trials 2511, 2512, 2513; *Johnson* v. *State,*
18 Tex. 285, 298.)

It was error for the court to refuse to allow appellant's
counsel, Jos. K. Wood, Esq., to argue the case on her be-
half. He was not disqualified by statute by reason of having
testified as a witness. The rule of court preventing an attorney
from acting as such because he has been a witness for his client
is therefore void, and its enforcement in this case is fatal error.
Analogous principles will be found in *People* v. *Demasters,* 89
Pac. Rep. 35. See, also, *People* v. *Furland,* 57 Cal. 347;
Hayne on New Trial & Appeal 853, 278. The accused could
not be put to her election in this matter. (*Follausbee* v.
*Walker,* 22 Penn. Stat. 228; 13 Am. Rep. 671; *Potter* v. *In-
habitants of Ware,* 1 Cush. 519.)

As to objectionable remarks of counsel for the prosecution
in argument to the jury, see *People* v. *Ye Fook Din,* 39 Pac.
Rep. 530; *Smith* v. *People,* 8 Pac. Rep. 920; *State* v. *Lucas,*
33 Pac. Rep. 540; *Davis* v. *State,* 37 N. E. 397.

The court committed a grave error in permitting certain in-
terrogations to be propounded to the defendant, while under
cross-examination, which were utterly incompetent for any
purpose, and were evidently designed, and could serve only,
to traduce, injure and prejudice the defendant in the minds of
the jury. The extent to which this examination into the mis-
fortunes, vices and errors of the past life of the accused, per-
haps long since forgotten by the public and forgiven by those
connected therewith, was carried, cannot find support in any
civilized country where the doctrines of the common law pre-
vail. Public policy and common decency alike revolt at the
prominence given such matters in a forum of justice.

Every material fact necessary to establish guilt must be
shown beyond a reasonable doubt. (2 Thompson on Trials,

2466, 2483-5, 2490, 2494; *Williams* v. *State,* 52 Ala. 411.) It is undoubtedly the sound rule of law that in cases depending upon circumstantial evidence, in order to warrant a conviction the jury must be satisfied beyond a reasonable doubt of every essential fact necessary to the conclusion of guilt. (2 Thompson on Trials, 2511; *Bressler* v. *People,* 3 N. E. 522; *Lehman* v. *State,* 18 Texas Appeals, 174, 325; Burrill on Circumstantial Evidence, § 733.) If there is a reasonable doubt as to any material fact in the chain of circumstances, which the State undertakes to prove in order to establish guilt, and necessary therefor, the defendant must be acquitted. (*People* v. *Kelley,* 28 Cal. 424; *People* v. *Phipps,* 39 Cal. 326; *People* v. *Brown,* 48 Cal. 254; *People* v. *Kerrick,* 52 Cal. 446; *People* v. *Morino,* 52 Cal. 67; *People* v. *Ah Chung,* 54 Cal. 398; *People* v. *Anthony,* 56 Cal. 397; *People* v. *Brown,* 59 Cal. 345; Thompson on Trials, 2511; *Bressler* v. *People,* 3 N. E. 522; Starkie on Evidence; *Lehman* v. *State,* 18 Tex. App. 174; *Scott* v. *State,* 18 Tex. App. 325; Burrill on Circumstantial Evidence, § 733; *Sumner* v. *State,* 5 Blackf. 28; *Comm.* v. *Webster,* 5 Cushing 295; *Territory* v. *McAndrews,* 3 Mont. 161.)

The instruction of the court as to the weight to be given to testimony of admissions by the defendant was error. (*State* v. *Sullivan,* 9 Mont. 174; *State* v. *Smallwood,* 75 N. C. 104; 2 Thompson on Trials, § 2287; *Ledbitter* v. *State,* 21 Tex. App. 344; *Payne* v. *State,* 21 Tex. App. 184.) To judge of the credibility of a witness, and the weight of his evidence on any issue, is the exclusive province of the jury. (*Jones* v. *State,* 65 Ga. 506.) It is error for the judge under practice like ours to even intimate to the jury his opinion upon the weight of the testimony or any testimony. (*Frame* v. *Rodgers,* 79 Ill. 441; *Jenkins* v. *Tobin,* 31 Ark., 387; *People* v. *Ah Sing,* 59 Cal. 400; *People* v. *Titherington,* 59 Cal. 598; *People* v. *Walden,* 51 Cal. 598, 604; *Stone* v. *Geyser, Etc.,* 52 Cal. 318; *People* v. *Corrilla,* 54 Cal. 63.)

*Henri J. Haskell,* Attorney General, and *Thomas C. Marshall,* for the State, Respondent.

HUNT, J.—Patrick Mason, Mary Gleim, and William Reed were jointly indicted for an assault, with intent to commit murder, upon one Burns. Appellant, Mary Gleim, was separately tried after Mason had been convicted. She was found guilty, and sentenced to the penitentiary for fourteen years.

1.    Appellant contends that the indictment will not support a verdict and judgment of guilty, "because it nowhere charges that said Mary Gleim committed the crime of assault with intent to murder." The material charging parts of the indictment are as follows: "That one Patrick Mason, late of the county of Missoula, state of Montana, on or about the 13th day of February, A. D. 1894, at the county of Missoula, in the state of Montana, did feloniously, deliberately, premeditatedly, and of his malice aforethought, make an assault in and upon one C. P. Burns, and certain giant powder and other highly explosive substance, a more particular description of which is to said jurors unknown, in, upon, around, and under the house where the said C. P. Burns was then and there present and sleeping, did feloniously, deliberately, premeditatedly, and of his malice aforethought, put and lay, and the same did then and there, feloniously, deliberately, premeditatedly, and of his malice aforethought, explode, and cause to be exploded, with intent in him, the said Patrick Mason, to kill and murder the said C. P. Burns. And that before the commission of the said felony, at the time and place aforesaid, one Mary Gleim and William Reed did feloniously counsel, aid, incite, and procure the said Patrick Mason to commit, in manner and form aforesaid, the said felony. All of which is contrary to the form of the statute," etc.

The indictment is substantially a common-law charge against Mason as principal and Mary Gleim as an accessory before the fact. It follows the precedents of Wharton (1 Whart. Prec. Ind. § 97) and of Archbold (Archb. Cr. Prac. & Pl. pp. 67, 77). Bishop on Criminal Procedure (volume 2, § 8), quoting Chitty on Criminal Law, lays down the course to be—First, to state the guilt of the principal, as if he alone had been concerned; and then, in case of accessories before the fact, to

aver that the procurer, ''before the committing of the said felony, in form aforesaid, to wit, on, etc., with force and arms, etc., did maliciously and feloniously incite, move, procure, aid, and abet (or counsel, hire, and command) the said principal felon to do and commit the said felony, in manner aforesaid, against the peace, etc.''

The statutes (sections 176, 177, Cr. Prac. Act 1887) provide that:

''Sec. 176. Any person who counsels, aids or abets in the commission of any offense, may be charged, tried and convicted, in the same manner as if he were a principal.

''Sec. 177. An accessory before the fact, to the commission of a felony, may be indicted, tried and punished; though the principal be neither indicted nor tried.''

By section 12, c. 2, p. 502, Comp. St. 1887, it is provided: ''Any person who stands by, and aids, abets or assists, or who, not being present, hath advised and encouraged the commission of a crime, shall be deemed a principal offender, and shall be punished accordingly.''

It is plain that the old distinctions between accessories before the fact and principals are abolished by these statutes (*State* v. *King*, 9 Mont. 445, 24 Pac. 265); but we see no objection to the form of an information charging a person as an accessory rather than as a principal. To so charge is to the advantage of a defendant, because it notifies him of the attitude which the state will assume when the case is brought to trial, by setting out the facts constituting the offense with greater certainty than is requisite where an accessory is indicted as a principal.

This point was directly raised in *People* v. *Rozelle*, 78 Cal. 84, 20 Pac. 36, where the court held that an information stating facts sufficient to constitute a defendant an accessory at common law charges him with guilt as principal under the statutes, and that to allege such facts as would have been sufficient against him as an accessory at common law is charging him as a principal under the statute. We are of opinion that the rights of the defendant were not prejudiced by the form

of the charge. (*State* v. *Littell*, (La.) 12 South. 750; *Territory* v. *Guthrie* (Idaho) 17 Pac. 39.)

2. On the trial of the appellant, Gleim, the court, over the objection of the defendant, permitted the record of the conviction of Mason, the principal actor, to be introduced, and after having fully instructed the jury that it was essential, in order to convict the defendant Gleim, that they should find that Mason was guilty of having committed the crime charged, instructed as follows: "That the record of the trial and conviction of Patrick Mason was introduced in the trial of this case, for the purpose of establishing as a fact, *prima facie*, the guilt of said Mason. The record is *prima facie* evidence of the guilt of said Mason, but it is not conclusive evidence. It, however, remains *prima facie* evidence of the fact which it was introduced to prove, unless you believe from the evidence in this case that the defendant Mary Gleim has introduced evidence in this case which raises in your minds a reasonable doubt (as explained in these instructions) of the guilt of said Mason; but, if such testimony raises in your minds such reasonable doubt of the guilt of Mason, then you should find the defendant Gleim not guilty. But, unless the evidence introduced by the defendant Gleim does raise in your minds a reasonable doubt (as explained in these instructions) of the guilt of the said defendant Mason, you should receive such record of trial and conviction as evidence establishing the guilt of said Patrick James Mason. But, in determining the question of the guilt or innocence of the said Patrick James Mason, you are not confined to the record of trial and conviction introduced in this case, but you should carefully consider all of the evidence introduced in this case tending to prove or disprove the guilt of said Mason; and after a full and careful consideration of all the evidence in the case, in connection with the record in evidence, you have a reasonable doubt of the defendant Mason's guilt, you should find the defendant Gleim not guilty."

While it is true that the statute makes an accessory before the fact a principal, yet the evidentiary facts by which the accessory is to be incriminated may materially differ from those

which are necessary and sufficient to convict the principal. In this case, for instance, to incriminate the appellant, Gleim, at all, under the theory of the state, as charged and contended for, it was not only necessary to prove the guilt of Mason, as alleged, but to go further, and to demonstrate beyond a reasonable doubt that the appellant, Gleim, counseled, aided, and abetted Mason in the perpetration of the crime charged. Therefore, although the accessory might be deemed a principal under the statute, and was indicted with the principal, it became impossible for the state to convict appellant upon the same evidence applicable to the principal, because the agency of the accessory in the perpetration of the crime charged operated by a radically different method from the principal's. The statute, in simplifying the procedure, has obliterated old distinctions between principals and accessories, but the object of the simplification is largely to enable a guilty accessory to be punished without making his guilt depend upon the conviction of the principal. The facts, however, that the principal offense was committed, and that the principal who was charged to have committed it was guilty, were among the essential elements upon which must be predicated the guilt of the accessory Gleim. And right here is to be observed an important distinction between proof of a charge against a principal, and an accessory made principal by the statute alone (but indicted with the principal, as in this case), and proof of a charge against several persons, ordinarily jointly indicted as simple codefendants, and who are in fact principals. In the one instance, the accessory before the fact being confessedly absent at the time of the commission of the principal offense, there can be no conviction without proof of the guilt of the principal; while, in the other case, whether or not any defendant other than the one on trial participated in the criminal act is immaterial, and forms no essential part of the case against the defendant on trial. Where, therefore, as in this case, the guilt of the principal must be proved as part of the case against the accessory, we cannot think that it is necessary for the state, where the principal has been convicted, to do

more on its *prima facie* case than to offer the record of con-
viction of the principal as *prima facie* evidence of his guilt of
the crime charged against him. We do not think that the fact
that the principal has been convicted is proof of the guilt of
the accessory. But it does make out a *prima facie* case of
the principal's guilt, and unless rebutted by evidence of the
accessory, as it may be, is competent to prove that material
element of the crime charged against the accessory, and upon
the truth of which must depend the guilt of the accessory;
namely, the commission of the crime of the principal, for
which she is held responsible in law, provided she procured or
aided and abetted the principal to commit the same. Although
there are some cases holding a contrary view, we are satisfied
with the reasoning of the authorities which permit the intro-
duction of the record of the conviction of the principal.
(*Maybee* v. *Avery*, 18 Johns. 352; *People* v. *Buckland*, 13
Wend. 593; *Levy* v. *People*, 80 N. Y. 327; *State* v. *Mosley*,
31 Kan. 355, 2 Pac. 782; *Com.* v. *Knapp*, 10 Pick. 477; Abb.
Trial Brief (Cr.) § 624; *Anderson* v. *State*, 63 Ga. 675; Rosc.
Cr. Ev. p. 171; 1 Russ. Crimes p. 67; Archb. Cr. Prac. &
Pl. p. 83; *Com.* v. *York*, 9 Metc. (Mass.) 93; *Studsill* v.
*State*, 7 Ga. 2.)

3. Joseph K. Wood, Esq., of counsel for appellant, was a
witness in defendant's behalf upon the trial. He desired to
participate in the argument for the defense. The court refused
to permit him to do so, under a rule of court which provides
that if the attorney of either party offers himself as a witness
in behalf of his client, and gives evidence on the merits of the
trial, he shall not argue the case or sum it up to the jury, un-
less by permission of the court. It does not appear by the
record that, before the counsel testified, he explained to the
court his position, and asked permission to argue the case.
Under the circumstances, we cannot think that the enforce-
ment of the rule was erroneous or even harsh.

4. The defendant asked the court to instruct the jury upon
the law of circumstantial evidence, as follows: "The testi-
mony in this case is wholly circumstantial. And while it is

not necessary, in order to warrant a conviction on a criminal charge, for the state to prove the commission of the act by an *eyewitness or by direct testimony*, and while the guilt of the defendant may be established by circumstantial evidence, still, in order to support a conviction upon circumstantial evidence alone, *each fact* and circumstance necessary to complete the chain to fasten the guilt upon the defendant must itself be *distinctly and independently proven by competent evidence* beyond a reasonable doubt; and *all* the facts and circumstances, when so proven, must not only be sufficient in themselves to satisfy the mind of the guilt of ᵗhe accused beyond a reasonable doubt, but they must exclude every other reasonable supposition except that of his guilt.''

The court modified the instruction offered, and gave another upon the subject of circumstantial evidence, so that the jury were instructed as follows :   '' The testimony in this case is wholly circumstantial.   And while it is not necessary in order to warrant a conviction on a criminal charge, for the state to prove the commission of the act by *eyewitnesses* or *by direct testimony*, and while the guilt of the defendant may be established by circumstantial evidence, still, in order to support a conviction upon circumstantial evidence alone, *each fact* and circumstance necessary to complete the chain to fasten the guilt upon the defendant must itself be *independently proven by competent evidence;* and *all* the facts and circumstances, when so proven, must not only be sufficient in themselves to satisfy the mind of the guilt of the accused beyond a reasonable doubt, but they must exclude every other reasonable supposition except that of his guilt.''

'' That the law requiring the jury to be satisfied of the defendant's guilt beyond a reasonable doubt in order to warrant a conviction does not require that you should be satisfied beyond a reasonable doubt of each link of the chain of circumstances relied upon to establish the defendant's guilt; it is sufficient if, taking all of the testimony together, you are satisfied beyond a reasonable doubt that the defendant is guilty.''

The charge that, in order to warrant a conviction, the jury

must not be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt, but that it is sufficient if, taking all the testimony together, they are satisfied beyond a reasonable doubt that the defendant is guilty, is erroneous and prejudicial to the rights of the defendant. This identical instruction was reviewed by the supreme court of Colorado in the recent and somewhat celebrated Dr. Graves murder case (*Graves* v. *People*, 32 Pac. 63). The court there condemn the instruction upon principle, as tending to confuse a jury, and well express our views by saying that " the jury are quite as likely to have applied that portion of the instruction referring to the links to those facts which the law requires to be established beyond a reasonable doubt to warrant conviction as to those evidentiary matters which go to prove such facts, and one or more of which may fail, while the ultimate fact might still be sufficiently established."

An Illinois case (*Bressler* v. *People*, 117 Ill. 422, 8 N E. 62) has approved of the instructions here complained of, but the reasoning supporting the conclusion of the court is not sound. "It involves," says Thompson on Trials (volume 2, § 2514), " the solecism that, although the circumstances do arrange themselves in the form of the links of a chain, yet that, when one link of the chain is broken, the chain itself may still remain entire; ignoring the obvious conception that no chain can be stronger than its weakest link." The authorities disapproving of these instructions are collected in the Colorado decision to which we have referred. We believe it to be correct that the prosecution need not prove beyond a reasonable doubt every circumstance offered in evidence which tends to establish the ultimate circumstances or facts on which it relies for a conviction, but if the metaphor of a chain is used, and each circumstance relied upon forms a link, the link becomes a necessary part of the whole chain, and must therefore be proved beyond a reasonable doubt.

The cable metaphor, as approved by the Colorado supreme court in *Clare* v. *People*, 9 Colo. 122, 10 Pac. 799, illustrates

the force of circumstantial evidence more clearly perhaps than does the chain comparison. In the cable simile the circumstances which tend to establish the ultimate circumstances or facts are aptly compared with the strands of a cable. All such evidentiary matters going to prove such ultimate circumstances or facts need not be established beyond a reasonable doubt, and still each ultimate fact or circumstance must be proved beyond a reasonable doubt; just as a few strands of the cable may part, and yet it still remains so strong "that there is scarcely a possibility of its breaking." We, therefore, think that, if the chain metaphor is to be used, the instruction, as offered, correctly stated the law, and that it is necessary for the state to prove each fact and circumstance *necessary* to *complete* the chain, * * * by competent evidence, beyond a reasonable doubt, etc., and that it was reversible error to charge to the contrary. (*Territory* v. *McAndrews*, 3 Mont. 158.)

There are other errors complained of by the appellant. The respondent contends that they are not properly before us for review, but, as the case must be tried again, we will briefly refer to them.

(1) Error is assigned upon the following instruction: "That parol evidence of the verbal admissions of a defendant may be evidence of a most satisfactory character. If the jury can see, from the evidence, that the alleged admissions of the crime charged in the indictment were clearly and understandingly made by the defendant, and that they were precisely identified, and the language correctly and accurately repeated by the witness, then such testimony is entitled to *great* weight." It was error in the court to instruct the jury that testimony of admissions of defendant was entitled to great weight. The jury being the sole judges of the weight to be given to the testimony, the court should not tell them what particular weight to give to any portion of the testimony. (*State* v. *Sullivan*, 9 Mont. 174, 22 Pac. 1088; 2 Thomp. Trials, § 2287.)

(2) Upon the trial the counsel for the state, on the cross-ex-

amination of the appellant, propounded a great many questions calculated to degrade the defendant before the jury. The inquiry took a wide and varied range. She was asked if she had not rented houses for purposes of prostitution at various places in Montana; whether she had not been "a kind of a backer for the prostitution of female persons in Missoula and Hamilton;" whether she had not had a fight with a priest; whether she had not hugged and kissed a juryman after she had been found not guilty of some misdemeanor upon one occasion; whether she had not had a fight with a French prostitute at some time; and whether, at another time, she had not "run a young gentleman through a saloon;" whether she had not been drunk when she was in jail; and, finally, if her picture did not hang in the Rogue's Gallery in the city of New York. We cannot conceive upon what theory of the law this line of testimony was allowed. It was not cross-examination of what appears by the record to have been the appellant's evidence in chief, nor did it legitimately tend to impair the credibility of the defendant as a witness. Its effect must have been highly injurious and prejudicial to the defendant in the minds of the jury. Most of the matters involved in the questions were wholly remote from the question of her guilt or innocence of the crime for which she was on trial, and the investigation seems to have drifted to a rambling assault upon the general character of the defendant, extending not only to all of the offenses with which she may have ever been at any time charged, or even suspected, whether rightfully or not, but likewise to cases where she was acquitted, and to her infirmities of habit, her obscenity of speech, and general depravity of life. Such an examination we most earnestly disapprove of. It was oppressive and unjust, no matter how wicked or degraded the defendant may have been by common report. We find a well-considered decision, censuring such an examination of a defendant, in the recent case of *People* v. *Un Dong* (Cal.) 39 Pac. 12.

(3) It does not appear whether or not any of the jurors who sat upon the trial of this case had stated upon their *voir*

*dire* that they had fixed opinions as to the guilt of Patrick Mason, the principal, but the appellant's counsel implies that they did, and argues the point in his brief. A juror who has formed a fixed opinion as to the guilt or innocence of the person charged to be the principal offender ought not to sit upon the trial of the person charged as an accessory. (*Arnold* v. *State*, 9 Tex. App. 435.)

(4) We see no error in refusing to permit a witness to be asked, on cross-examination, for the purpose of affecting her credibility, whether or not she is addicted to the morphine habit (*State* v. *White*, 8 Wash. 230, 39 Pac. 160), unless it is proposed to show that the witness was under the influence of the drug at the time the events happened about which she testified, or unless she is under the influence of morphine at the time she is testifying, or unless it is made to appear that her powers of recollection are impaired by the habitual or excessive use of the drug.

(5) The court defined a reasonable doubt in substantially the exact language of the Webster case, 5 Cush. 320, and which was expressly approved of in *Territory* v. *McAndrews*, 3 Mont. 158. As part of the definition, however, of a moral certainty, the court charged that "moral certainty may be said to bear the same relation to matters relating to human conduct that absolute certainty does to mathematical subjects. It is a state of impression produced by facts in which a reasonable mind feels a sort of coercion or necessity to act in accordance with it. It is not only what men in general will unhesitatingly believe to be true, but what they will be willing to act upon." If the definition of moral certainty is to be given at all, "to be thoroughly impressive it should be carried one step further. * * * Is the juror so convinced by the evidence of the truth of the fact sought to be proved that he himself would venture to act upon such conviction in matters of the highest concern and importance to his own interests? If this be so, he may declare himself morally certain." (*Territory* v. *McAndrews, supra.*)

The condition of the record in this case is faulty. The

transcript recites that the instructions given by the court are as follows.   Then follow what, doubtless, were the instructions read to the jury.   At the conclusion of many such instructions, however, we find the word "Given," and, at the conclusion of others, "Given as modified," without specifying what the instruction given was.

The error of the court in charging as it did upon circumstantial evidence is properly presented, and upon that point the case is reversed, and a new trial ordered.

*Reversed.*

PEMBERTON, C. J., and DE WITT, J., concur.