THE PEOPLE, RESPONDENTS, *v.* J. D. COZAD, APPEL-
LANT.

CRIMINAL LAW—VERDICT—JUDGMENT.—On an indictment for an assault
with intent to commit murder, when any less grade of offense is found
by the jury, the verdict must show the character of the offense so found,
and the judgment must not exceed that warranted by the verdict.

APPEAL from the second judicial district, Boise county.

*H. L. Preston,* for the appellant:

The verdict of the jury found the defendant guilty of
an assault only, and recommended to the clemency of the
court. That the maximum of imprisonment allowed to said
offense was six months in the county jail (Stats., sec. 46, p.
444), whereas the court below inflicted by its judgment one
year's imprisonment in the penitentiary.

*J. J. May, district attorney,* for the respondents.

McBRIDE, C. J., delivered the opinion of the court, CUM-
MINS, J., concurring.

This is an appeal from the judgment of the district court
of Boise county, sentencing the defendant to confinement
in the territorial prison for one year. The defendant was
indicted for the crime of an assault with an intent to com-
mit murder by shooting one Thomas Foye. The defendant
was tried, and a verdict of "guilty of assault only" re-
turned by the jury. The court received the verdict, and
thereupon sentenced the defendant as above. Exception
was taken to this sentence, and no other facts connected
with the case appear of record. In the absence of any
statement or record of the proceedings beyond these, the
case must be disposed of upon what appears. The pre-
sumption is that the jury were instructed, that if they found
the defendant guilty of any less offense, necessarily included
in the commission of the crime charged in the indictment,
they might return him guilty of such offense. The fact
that the jury did find him guilty of a lesser offense, and that
the court received the verdict, presupposes such an in-
struction.

It is but fair to assume that the facts proven on the trial were of a character to show that the assault was of a character to constitute it a felony, viz., by the use of a deadly weapon. But neither the instructions nor the facts are of record, and the case standing here unsupported by the proofs upon which no doubt proceedings were based in the court below, must be decided from the record.

On an indictment for an assault with intent to commit murder, when any less grade of the offense is found by the jury, the verdict must show the whole character of the offense found. Such is the ruling in California, though upon what principle a jury are called upon to find all the facts required in an indictment in their verdict does not appear from those decisions. But we defer to these authorities as settling the rule. The indictment charged the defendant with an assault with intent to commit murder by shooting Thomas Foye. The jury find him guilty of the assault charged, but as the verdict does not show that the assault was with a deadly weapon, etc., the court below had no right to assume that they had so found, and pass sentence on that basis, whatever the facts may have been. The case of the *People* v. *Vanard*, 6 Cal. 562, *People* v. *Wilson*, 9 Id. 260, are adjudications directly on the point. The doctrine of these cases clearly shows that the court erred in passing sentence on defendant as for felony. He should have been sentenced for a misdemeanor only.

The order will be that the sentence of the court below be set aside and the case remanded, with an order to the court to affix the punishment in accordance with the provisions of section 46 of the act concerning crimes and punishments.

Judgment reversed.