TERRITORY OF WASHINGTON, PLAINTIFF IN ERROR,

*v.*

HENRY HEYWOOD (Indicted under the name of Henry, an Indian), DEFENDANT IN ERROR.

An indictment which charges the stealing, at the same time and place, a horse, as the property of one Mary, and another horse, the property of ——, charges but one offense—a single transaction. But if the transaction were double, objection on this ground, if not made until after verdict, comes too late.

An instruction to the jury, that if, at the rendition of the verdict, the name of the owner of the stolen property was unknown to the trial jury, they might assume, in the absence of evidence, that such name was unknown to the Grand Jury returning the indictment, is not erroneous.

ERROR, to Second Judicial District, holding terms at Olympia.

The defendant was charged with stealing one horse, the property of ",Mary," whose name is to the Grand Jury unknown, and one horse, the property of ——, whose name is to the jury unknown.

The proof showed that one horse was the property of Mrs. O'Shay, and that the witness did not know the name of the owner of the other horse.

This witness was not examined by the Grand Jury.

The instructions of the Court to the jury were, in effect, that in the absence of evidence, they might assume that the horses were the property of Mary, whose name was unknown, and of ——, whose name was unknown.

No objection was made to the indictment on the ground of duplicity until after the verdict.

*Judson & Israel,* for Plaintiff in Error and Appellant.

This indictment charges two offenses, and objection to this defect is not waived by plea. (*State* v. *Grove,* 34 N. H. Rep. 510; *Rice* v. *State,* 3 Kan. Rep. 141; Wharton on Criminal Law, Vol. 3, 7th ed., Sec. 3200; Bishop on Criminal Procedure, 1st ed., Vol. 1, Secs. 850, 851, and notes; Sec. 1107, Washington Code; Sec. 1008, Washington Code.)

When the allegation in the indictment is that the name of the owner of stolen property is to the Grand Jury unknown, the proof must be that such name was unknown when the indictment was found. (1st Vol. Wharton on Criminal Law, 7th ed., Sec. 599; 1st Vol. Bishop Criminal Procedure, 2d ed., Secs. 552, 886; 1st Vol. Wharton on Criminal Law, 5th ed., Sec. 251; *White* v. *People,* 32d N. Y. Rep. 465; *Commonwealth* v. *Blood,* 4th Gray Rep. 31; *Blodget* v. *The State,* 3d Ind. Rep. 403, 404; *Rex* v. *Walker,* 3d Camp. Rep. 264 and n.; 1st Vol. Bishop's Criminal Procedure, 2d ed., Secs. 546, 507, 325, 543, 495, 549, and notes; 449, 581 and 886, and notes; 1st Vol. Chitty's Criminal Law, 213.)

In the one case, it was shown by the evidence that the horse was the property of Mrs. O'Shay. Here was a fatal variance. (1st Vol. Bishop's Criminal Procedure, 2d ed., Sec. 582; 1st Vol. Wharton on Criminal Law, 7th ed., Sec. 595; Archbold Criminal Pleadings, 10th ed., 45; Cowen Criminal Digest, 500, Sec. 67.)

In the other case there was no variance, but a total failure of proof.

*J. C. McFadden,* Prosecuting Attorney, for Defendant in error.

The defendant contends that the indictment charges two offenses, and is, therefore, bad. If this is true, the objection should have been taken advantage of by demurrer, otherwise it is waived. (Code of Washington, Secs. 1051, 1107; White & George's Criminal Law of California, Sec. 954 and note; *Peo-*

*ple* v. *Weaver*, 47 Cal. 106; *People* v. *Burgus*, 35 Cal. 115; *People* v. *Garnett*, 29 Cal. 622, 626; *People* v. *Connor*, 17 Cal. 354; *Commonwealth* v. *Turk*, 20 Pick. 356; Bishop on Criminal Procedure, Vol. 1, 2d ed., Sec. 449 and note; *People* v. *Shotwell*, 27 Cal. 394; *People* v. *Jim Ti*, 32 Cal. 60; Bishop on Criminal Law, Vol. 2, 3d ed., Secs. 878, 879; *Commonwealth* v. *Cohen*, 120 Mass. 198.)

In the absence of any evidence on this subject, it is presumed that the Grand Jury did not know the name of the owner. (*Commonwealth* v. *Galligher*, 126 Mass. 54; *Commonwealth* v. *Thornton*, 14 Gray, 41; Bishop on Criminal Procedure, Vol. 1, 2d ed., Sec. 551, and note.)

If the name of a person is unknown to the Grand Jury, it may be so alleged in the indictment, although they might by reasonable pains have ascertained the name. (*Commonwealth* v. *Stoddard*, 9 Allen, 280; *Commonwealth* v. *Sherman*, 13 Allen, 248; *Commonwealth* v. *Thompson*, 2 Cushing, 551.)

A name unknown to the Grand Jury, and so laid, is disclosed at the trial; this subsequent discovery does not render the indictment ill, or create a variance. (Bishop on Criminal Procedure, Vol. 1, 3d ed., Sec. 551, and notes; Code of Washington, Sec. 1010; *Commonwealth* v. *Hill*, 11 Cushing, 137; *White* v. *People*, 32 New York, 465; *Commonwealth* v. *Hendrie*, 2 Gray, 503; *Hays* v. *The State*, 13 Mo. 246; *The State* v. *Bryant*, 14 Mo. 340; *Loftus* v. *Commonwealth*, 3 Grat. 631.)

If the indictment charges two offenses, and is not demurred to, and the defendant is found guilty generally, the verdict cannot be reversed on error. (*Crowley* v. *The Commonwealth*, 11 Metcalf, 575; *Kite* v. *The Commonwealth*, 11 Metcalf, 581; *Commonwealth* v. *Hipe*, 22 Pickering, 1; *Josslyn* v. *The Commonwealth*, 6 Metcalf, 236; *Jennings, in Error*, v. *The Commonwealth*, 17 Pickering, 80; *Kane* v. *The People*, 3 Wend. 363; *Crown* v. *The Commonwealth*, 8 Mass. 64.)

Opinion by Hoyt, Associate Justice.

The plaintiff in error herein was indicted by the Grand Jury for the crime of horse stealing, and upon his plea of not guilty to said indictment, trial was had, and a verdict of guilty rendered; whereupon the said defendant entered a motion in ar-

rest of judgment and for a new trial, on the ground that the said indictment charged more than one offense, and that the jury were misdirected by the Court as to the law of the case; and to reverse the action of the Court below in denying such motion, the case has been brought here for review upon the questions above stated.

The indictment charged the defendant with stealing one horse, the property of one Mary, whose true name is to the jury unknown, and one horse, the property of one ———, whose name is to the jury unknown, and in our opinion charged but one offense; for while it is true that the taking of two horses, the property of different persons, might constitute two separate offenses, yet if they were taken at the same time, the prosecutor could elect to treat it as one transaction, and charge it as a single offense: besides, an objection of this kind in our opinion comes too late after verdict.

The Court instructed the jury, that if they found from the evidence that the name of the owner of one or both of the horses is now unknown, that they might then assume, in the absence of evidence to the contrary, that such name was likewise unknown to the Grand Jury finding the indictment, and thus find the allegation of ownership as to the horse charged to have been the property of one ———, whose name was to the jury unknown, as having been sufficiently established by the evidence; and the defendant conceives himself aggrieved by such instruction; but we think that upon the question of ownership such instruction was as favorable to the defendant as he could have asked, and that therefore the Court committed no error to his prejudice in thus instructing the jury.

These are the only questions which have been argued by counsel, or that it is necessary for us to decide; and it follows from what has been said that the judgment and sentence were not erroneous, and should be affirmed, and it is so ordered.