(February 27, 1888.)

## TERRITORY v. GUTHRIE.

[17 Pac. 39.]

INDICTMENT—ACCESSARY.—By our statutes all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, are treated as principals, and should be prosecuted and punished as such, yet if one who is in fact an accessary before the fact is indicted as such, this is not a defense of which the accused will be heard to complain.

INDICTMENT—DIFFERENT COURTS.—Under our practice, the indictment must charge but one offense, but the same offense may be set forth in different forms and under different counts. *Held,* that the indictment charging one defendant as principal and the other as an accessary before the fact charges but one offense.

CONTINUANCE—AFFIDAVIT—ADMISSION.—Where, in a criminal action, the defendant applies for a continuance on the ground of absent witnesses, and the prosecution admits that the witnesses, if present, would testify to the facts as stated in the affidavit, and that such evidence, if proper, be considered as actually given, the affidavit thereby becomes evidence, but not conclusive of its contents, and it is not error for the court after such admission to deny the continuance.

JUDGMENT—VOID SENTENCE—CORRECTION.—Where the indictment is good and no error appearing on the trial, but the sentence is void for uncertainty, the appellate court may remand the case to the court below, with directions to enter a proper judgment upon the verdict.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

Frank Ganahl, James H. Hawley and Albert Hagan, for Appellant.

It is competent to show bias and prejudice on the part of a witness, that the jury may scrutinize and perhaps discredit his testimony. (Roscoe's Criminal Evidence, 181, 182; 1 Greenleaf on Evidence, 450; State v. Dee, 14 Minn. 35 (Gill. 27); State v. Tosney, 26 Minn. 262, 3 N. W. 345.) Where an accusation against a person includes an offense of an inferior degree, the jury may discharge the defendant of the higher crime, and convict him of the inferior one; and hence it is within the province of the jury to convict of an assault only, although the indictment charges an assault with intent to murder, or an assault with a deadly weapon. (1 Chitty on Criminal Law, 638; Rev. Stats., sec. 7859; Stewart v. State, 5 Ohio, 241; Givens v. State, 6 Tex. 343; Gardenheir v. State, 6 Tex. 348; 2 Archibald's Criminal Pleading and Practice, 74, 75; 2 Wharton's Criminal Law, 1280; 1 Wharton's Criminal Law, 385 et seq., 565.) The judgment is a fine or imprisonment, not a fine and imprisonment; and for that reason is void as to the imprisonment. (Ex parte Baldwin, 60 Cal. 432; Ex parte Ah Cha, 40 Cal. 427.) The judgment in case a default is made in the payment of a fine imposed must direct imprisonment for payment of fine until paid, at a certain rate per day. (Ex parte Ellis, 54 Cal. 204; Ex parte Chin Yan, 60 Cal. 78.) A party illegally arrested has the right to resist, and, if death ensues, he is at most guilty of manslaughter. (Noles v. State, Horr. & Thomp. 697 et seq.)

Richard Z. Johnson, Attorney General, for the Territory.

Granting and refusing continuances rests very much in the discretion of the court below, and it is only in cases where that discretion has been abused that this court will review the action of the lower court. (People v. Gaunt, 33 Cal. 157, 158; People v. Walter, 1 Idaho, 386.) Though the jury may convict of the lesser offense, the court is not bound to instruct them as to the lesser offense, or that they may convict of the

lesser offense, when there is no evidence to support such a verdict. (*People v. Byrnes,* 30 Cal. 206; *People v. Ah Kong,* 49 Cal. 6; *People v. Estrado,* 49 Cal. 171; *People v. Welch,* 49 Cal. 174.) No instruction should be given which is not logically deducible from the evidence. (*People v. Sanchez,* 24 Cal. 28; *People v. Best,* 39 Cal. 690; *People v. Atherton,* 51 Cal. 498.) The presumption that the officer did his duty in making the arrest is no more in conflict with the presumption of innocence to which a defendant is entitled on his trial than is the presumption of the regularity of judicial proceedings, or of malice, or from guilty possession, or from motive, or from flight, or any one of the thousand other presumptions that may confront the accused. (Wharton's Criminal Evidence, secs. 833, 835, 836; *People v. Smith,* 59 Cal. 365; *State v. Howard,* 10 Iowa, 101; *Commonwealth v. Fowler,* 10 Mass. 293; 3 Russell on Crimes, 220, and note; 1 Bishop's Criminal Procedure, 3d ed., sec. 1131; Lawson's Presumptive Evidence, 53.) The extent of the imprisonment is fixed and declared by the statute, and, when the defendant has been imprisoned the required length of time, he is entitled to be discharged. (*Jackson v. Boyd,* 53 Iowa, 536, 5 N. W. 734; 4 Criminal Law Magazine, p. 841, sec. 34.)

BRODERICK, J.—At the October, 1887, term of the district court for Shoshone county, Mathew Guthrie and Terrence B. Guthrie were jointly indicted for an assault upon Thomas F. Handly, with intent to commit murder. Separate motions were interposed to set aside the indictment, on account of some alleged irregularity in summoning and impaneling the grand jury. These motions were overruled, and the defendants pleaded not guilty. Separate trials were ordered. The defendants then applied for a change of venue, which motion was granted, and the cases were transferred to Nez Perces county for trial. At the December, 1887, term of Nez Perces county, a trial was had, and Terrence B. Guthrie was found guilty "of an assault with a deadly weapon likely to produce great bodily injury." Motions were made for a new trial, and for an arrest of judgment, and were by the court overruled, and the following judgment was rendered: "It is therefore con-

sidered, and the judgment of the court is declared to be, that you, Terrence B. Guthrie, pay a fine of $1,000, and that you be taken into custody by the sheriff of Nez Perces county, and taken from this court to the county jail of Nez Perces county, Idaho territory, and thence, unless said fine be sooner paid, within thirty days, to the territorial prison, in Ada county, territory of Idaho; and that you be confined in said prison, at hard labor, until said fine be paid, not exceeding two years from the date of this sentence, and upon the payment of said fine you be released from said custody and confinement." From this judgment, and the order denying a new trial, the defendant Terrence B. Guthrie appealed to this court. The record is voluminous, and counsel for appellant have specified thirty alleged errors in the transcript. From an examination of the record, we are satisfied many of these assignments are not of sufficient interest to justify any further consideration of them.

It is claimed, first, that the indictment is not sufficient to sustain a conviction against the appellant, that the facts stated therein do not constitute a public offense, and that the motion in arrest of judgment should have been sustained. The defendants were indicted jointly; Mathew being charged with an assault with a pistol, etc., with intent to murder, and Terrence B., the appellant, being charged as accessary. Section 7697 of the Revised Statutes abolishes all distinction between an accessary before the fact and a principal, and provides that "all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall hereafter be prosecuted, tried, and punished as principals, and no other facts need be alleged in any indictment against such an accessary than are required in an indictment against his principal." The contention is that, by reason of this statute, one cannot be indicted as an accessary. We cannot agree with this view. The last clause of the statute quoted says: "No other facts need be alleged in any indictment against such an accessary than are required in an indictment against his principal." It is true the statute makes an accessary before the fact a principal, and it is wholly unnecessary to charge the accused in any other form than as principal; but, if the grand jury does

charge one who is in fact an accessary before the fact as such, the effect is simply to inform him more clearly of what he must defend against, and therefore it is not a defect of which he can be heard to complain. The supreme court must give judgment without regard to technical errors or defects which do not affect substantial rights. (Rev. Stats., sec. 8070.) We do not mean to assert that this is the better course, but only that the defendant was not prejudiced by this form of charging the offense. Indeed, we think, when the statute clearly provides what shall be a sufficient pleading, that it is always better that the statute should be closely followed.

It was said, on the argument, that the indictment charges two offenses. We do not think it is open to this objection. It is true the statute provides that the indictment must charge but one offense, but the same offense may be set forth in different forms, and under different counts. (Rev. Stats., sec. 7681.) The rule established by this statute is not violated by setting forth the same offense in different forms; and this is all that is herein done.

The case was set for trial on the 15th of December, and when called, the defendants, by their counsel, moved for a postponement of the trial, on the ground of absent witnesses, and supported the motion by their joint affidavit. The motion was overruled, and an exception taken. The record shows, however, that an attachment for the absent witnesses was at once issued, and that the appellant was not put upon his trial until December 21st. The motion for postponement was then renewed, upon the affidavit theretofore presented, but no further showing was made or offered. The prosecution admitted that one of the absent witnesses would, if present, testify to the matters and facts as stated in the affidavit, and thereupon the court overruled the motion. It is conceded that the testimony of this witness was material to the defense. An application for a continuance is addressed to the sound judicial discretion of the court, and appellate courts have uniformly refused to disturb a ruling on such questions, unless it appears that there was an abuse of discretion. In this case, after looking into the whole record, we are satisfied there was not a sufficient showing of diligence on the part of the defendant, and hence

there was no abuse of discretion in overruling his motion. (*People v. Walter,* 1 Idaho, 386.) But it is urged, on behalf of appellant, that, pending an application for a continuance, the admission by the prosecution in a criminal case that an absent witness would testify to certain facts if he were present, is an admission that the facts set forth in the affidavit used in support of the motion are true; and we are referred to *People v. Diaz,* 6 Cal. 249, as supporting this rule. Our statute makes the rule of evidence in civil actions applicable to criminal actions, except as otherwise provided in the code. (Rev. Stats., sec. 7864.) Section 4372 of the Revised Statutes establishes the rule for a continuance upon the ground of the absence of evidence, and, among other things, says: "The court may also require the moving party to state, upon affidavit, the evidence which he expects to obtain; and if the adverse party thereupon admit that such evidence would be given, and that it be considered as actually given, on the trial, or offered and overruled as improper, the trial must not be postponed." We think it would be a strained construction of this statute to hold that when, under it, a party makes the admission, to avoid the expense and delay incident to a continuance, he thereby admits the absolute truth of the evidence set out in the affidavit. Such a construction was certainly not in the contemplation of the legislature, nor do we think it supported by any well-considered authority. We think the correct rule is that, when the admission is made, the affidavit becomes evidence, but not conclusive of its contents. (Wharton's Criminal Pleading and Practice, sec. 645; *State v. Mooney,* 10 Iowa, 506; *King v. Commonwealth,* 8 Ky. Law Rep. 778, 3 S. W. 430; *State v. Jewell,* 90 Mo. 467, 3 S. W. 77, 79; *Boggs v. Merced Co.,* 14 Cal. 358.)

It is contended that the court erred in giving to the jury, of its own motion, certain instructions, and also in refusing certain others asked by the defendant. The record shows a number of instructions refused, but the charge given was full and comprehensive, and was warranted by the evidence in the case. We have failed to find anything in the charge that was prejudicial to the substantial rights of the defendant, or that will warrant a reversal of the judgment. Objection is here taken

to some remarks of the judge addressed to counsel while refusing instructions presented on behalf of the defendant; but the record does not show that the words were spoken in the presence or hearing of the jury, nor were the remarks excepted to at the time they were made.

It is further contended that the judgment as pronounced is void. The conviction was had under the following statute: "Sec. 6732. Every person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable by imprisonment in the territorial prison not exceeding two years, or by fine not exceeding $5,000, or by both." Several objections are urged against the judgment, but the one most strongly insisted upon is that, when the court imposes the fine, the offense must thereafter be deemed a misdemeanor, and that the defendant could not be inprisoned in the territorial prison by reason of the nonpayment of the fine. The following statute is cited: "Sec. 6311. A felony is a crime which is punishable with death, or by imprisonment in the territorial prison. Every other crime is a misdemeanor. When a crime punishable by imprisonment in the territorial prison is also punishable by fine or imprisonment in the county jail, in the discretion of the court, it shall be deemed a misdemeanor, for all purposes, after a judgment imposing a punishment other than imprisonment in the territorial prison." It seems to us that the real objection to this judgment is its uncertainty. The language is: "That you, Terrence B. Guthrie, pay a fine of $1,000, and that you be taken into custody by the sheriff of Nez Perces county, and taken from this courtroom to the county jail of Nez Perces county, Idaho territory, and thence, unless said fine be sooner paid, within thirty days, to the territorial prison in Ada county, territory of Idaho; and that you be confined in said prison, at hard labor, until said fine be paid, not exceeding two years from the date of this sentence, and that, upon the payment of said fine, you be released from said custody and confinement." Section 7994 provides that "a judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two

dollars of the fine." (See, also, Rev. Stats., sec. 7238.) We are not satisfied that in a case where the defendant is tried and found guilty of a felony, and wherein he may be fined or imprisoned, in the discretion of the court, he may not be imprisoned in the territorial prison in default of payment of the fine. We find nothing in the statute that forbids it in such case. (*People v. War,* 20 Cal. 117.)

We find no error in the record except that the judgment pronounced is not sufficiently definite, and for this reason the judgment is vacated, and the case is hereby remanded to the court below, not for a new trial, but with direction to pronounce such judgment upon the verdict as may seem proper. (*Reynolds v. United States,* 98 U. S. 168; *People v. Cozad,* 1 Idaho, 167; *People v. O'Callaghan,* ante, p. 156, 9 Pac. 414.) It is so ordered.

Hays, C. J., and Buck, J., concurring.