[No. 4597.   Decided July 20, 1903.]

THE STATE OF WASHINGTON, *Respondent*, v. MATT SNIDER, *Appellant*.

CRIMINAL LAW — INFORMATION — DUPLICITY — WAIVER.

An objection to an indictment or information on the ground of duplicity is waived if not made until after verdict.

ASSAULT WITH INTENT TO MURDER — INFORMATION.

An information held sufficient to charge an assault with intent to commit murder, under Bal. Code, § 7057.

VERDICT — OBJECTIONS.

Failing to object to the form of a verdict does not preclude the defendant from objecting to its substance, and to the sentence as not warranted by the verdict.

ASSAULT — INTENT TO INFLICT BODILY INJURY — PARTIAL VERDICT.

Upon an information for assault with a deadly weapon with intent to murder, under Bal. Code, § 7057, a verdict finding the

defendant guilty of "assault with a deadly weapon" does not warrant a sentence for an assault with intent to inflict bodily injury under Bal. Code, § 7058, but only for a simple assault, as the intent is an essential element of the offense and must be found as a fact by the jury.

SAME.

In such case, while the verdict is to be liberally construed, the intention of the jury to find an intent to inflict bodily injury cannot be inferred from the fact that the information charges, and the instructions define, that offense.

SAME.

A partial verdict must specify the particular offense.

SAME — SURPLUSAGE IN VERDICT.

There is no such offense as assault with a deadly weapon, under the law of this state, and the words "with a deadly weapon" in a verdict are to be treated as surplusage.

Appeal from Superior Court, Skagit County. Hon. GEORGE A. JOINER, Judge. Reversed.

*G. C. Israel* and *E. C. Million,* for appellant.

*M. P. Hurd* and *J. C. Waugh,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—The appellant and one Julius Snider were jointly tried in the superior court of Skagit county upon an information charging and alleging that:·

"The said Matt Snider and Julius Snider, in the county of Skagit, state of Washington, on the 9th day of August, A. D., 1902, then and there being, in a rude, insolent, and angry manner, unlawfully, feloniously, wilfully, and purposely, and of their deliberate and premeditated malice, did attempt to kill and murder one Alexander Brown, coupled with the present ability to carry into execution such attempt, by assaulting, striking, shooting, and wounding him, the said Alexander Brown, with a deadly weapon, towit: A· revolver loaded with powder and ball, with intent to kill and murder him, the said Alexander Brown, no considerable provocation appearing therefor."

Each of the defendants entered a plea of not guilty, and both were subsequently tried together by a jury. After the cause was submitted to the jury and considered by them, they returned the following verdict:

"We, the jury impaneled to try the above entitled cause, say that we find the defendant, Matt Snider guilty of the crime of assault with a deadly weapon, and that we find the defendant, Julius Snider, guilty of assault and battery."

This verdict was received by the court and filed, and the jury discharged, and thereafter, and before sentence, the appellant moved the court to arrest judgment and sentence on the verdict as returned by the jury as to any offense save and except that of simple assault. This motion and request was denied, and the court thereupon sentenced the appellant to imprisonment in the state penitentiary for the period of two years. From that judgment and the order of the court denying the said motion this appeal is prosecuted.

Section 7057, Bal. Code, provides that, "An assault with an intent to commit murder, rape, the infamous crime against nature, mayhem, robbery, or grand larceny shall subject the offender to imprisonment in the penitentiary for a term not less than one year nor more than fourteen years;" and § 7058 declares that, "An assault with a deadly weapon, instrument, or other thing, with an intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show a willful, malignant, and abandoned heart, shall subject the offender to imprisonment in the penitentiary not exceeding two years, or to a fine not exceeding five thousand dollars, or to both such fine and imprisonment." It is not claimed on the part of the appellant that the information does not charge

the crime of an assault with an intent to commit murder, under § 7057 of the statute above quoted. On the contrary, it seems to be conceded by the learned counsel for the appellant that the information sufficiently charges that offense; but they suggest, without specially urging, the proposition that the offense of an assault with a deadly weapon with intent to inflict a bodily injury cannot be included in the charge of an assault with intent to commit murder, for the reason that it is a distinct and independent crime. Our statute provides, it is true, that the indictment or information must charge but one crime, and in one form only, except that, when the crime may be committed by use of different means, the indictment may allege the means in the alternative (Bal. Code, §6844), and therefore, in this state, an information or indictment which charges more than one offense is bad, and, if objected to at the proper time and in the proper manner, must be set aside. But an objection on the ground of duplicity will be deemed waived if not made until after verdict. *Territory v. Heywood,* 2 Wash. T. 180 (2 Pac. 189); *State v. Jarvis,* 18 Ore. 360 (23 Pac. 251). And inasmuch as the objection to the information now under consideration was not presented to or determined by the trial court, it cannot be considered on this appeal. It cannot be made for the first time in this court.

The sole question properly presented for our determination is whether the verdict of the jury warrants the judgment and sentence pronounced by the court. It is provided in § 6955, Bal. Code, that upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto, or of an attempt to commit

the offense; and § 6956 further provides that in all other
cases, the defendant may be found guilty of an offense
the commission of which is necessarily included within
that with which he is charged in the indictment or in-
formation. We think the information in this case clearly
charges the appellant with the crime of an assault with an
intent to commit murder under § 7057 of the Code, and
the appellant might have been properly convicted of that
offense, provided the proof of guilt was sufficient to sat-
isfy the jury. And under § 6956, *supra,* the appellant
could have been found guilty, upon sufficient evidence,
of any offense *necessarily* included within the offense
with which he was charged in the information, and prop-
erly alleged. As we have seen, the jury in this case by
their verdict found the appellant "guilty of assault with
a deadly weapon." The learned judge of the superior
court considered this verdict as a finding of the jury
that the appellant was guilty of the crime of an assault
with a deadly weapon with intent to inflict upon the per-
son of Alexander Brown a bodily injury, and accordingly
sentenced him to imprisonment in the penitentiary for
the maximum period prescribed by §7058, *supra,* of the
statute. Assuming that the crime for which appellant
was sentenced was sufficiently alleged in the information,
the question arises whether or not the jury, by their ver-
dict, actually found him guilty of that offense. It is
insisted by the learned counsel for the respondent that,
inasmuch as appellant did not object to the form of the
verdict, or to its reception by the court, it must be pre-
sumed in aid of the judgment that he consented to the
verdict, and that he cannot assign error on account there-
of; and they cite *State v. Greer,* 11 Wash. 244 (39 Pac.
874), in support of their position. But it is a sufficient

answer to that argument simply to say that appellant is interposing no objection either to the form of the verdict or to the action of the court in receiving it.   His objection goes to the substance, and not merely to the form, of the verdict; and he contends that the judgment is erroneous for the reason, before stated, that it is not justified by the verdict upon which it is founded.

It is further contended, in effect, on behalf of the respondent, that, conceding this verdict to be not technically formal, it is nevertheless sufficient, when considered with reference to the averments of the information and the instructions of the court, to indicate the intent of the jury, and that the intent of the jury, when ascertained, will be given effect.   It is true that full force and effect must be given to the intent and meaning of the jury, as expressed in their findings, and that verdicts are to receive a reasonable construction, and are not to be interpreted by the application of any technical rule of construction.   It is said in 22 Enc. Pl. & Pr. p. 955, cited by respondent, that:

"In the construction of a verdict the first object is to learn the intent of the jury, and when this can be ascertained such effect should be allowed to the findings, if consistent with legal principles, as will most nearly conform to the intent.   The jury's intent is to be arrived at by regarding the verdict liberally, with the sole view of ascertaining the meaning of the jury, and not under the technical rules of construction which are applicable to pleadings.   The language of the verdict should not be construed according to the technical import of the words employed, but should be understood in the sense probably intended by the jury.   In the construction of a verdict resort may be had to the pleadings to ascertain its true intent.   The verdict should not be read as an abstraction, but as a step in the cause, to be construed and applied reasonably in the light of all the proceedings."

Viewed in the light of the rule thus laid down, and
which is certainly as liberal as could well be stated, what
is the offense of which the appellant was found guilty?
It is claimed on behalf of the respondent that the jury
plainly intended to find him guilty of an assault with a
deadly weapon (a loaded pistol), with intent to inflict
bodily injury, because that crime was charged in the
information, and was defined by the court in its instruc-
tions to the jury, and because the court properly told the
jury what facts must be established by the evidence beyond
a reasonable doubt before they could find appellant guilty
of the same. But it seems to us that this argument, though
sound, so far as it is applicable, overlooks the funda-
mental principle that, after all, it is the *language of the
verdict* that the court is to construe, in ascertaining the
intent of the jury. It is not the province of the court,
in any case tried by a jury, to find the accused guilty or
not guilty of any particular offense with the commission
of which he may be charged. That is the exclusive prov-
ince of the jury. And if the jury in a given case return
a verdict the meaning of which cannot be fully and fairly
ascertained from its language by the application of the
above mentioned rules of construction, it is good for
naught, and must, of necessity, be set aside. The courts
are naturally and habitually inclined to support the ver-
dict of the jury, and will do so whenever enough material
can be gathered from the terms of the finding and the
record of the proceedings to constitute a verdict complete
in all its essential details. 22 Enc. Pl. & Pr. 960. But,
in this instance, the verdict is entirely silent as to one
of the essential elements of the crime of which the appel-
lant was adjudged guilty, and for which he was sentenced,
namely, the intent with which he made the assault upon

20-32 WASH.

Brown. Nor is there anything in the record showing such intent. Had the appellant been informed against for this specific felony—an aggravated assault—a general verdict of guilty would have been good under our statute, but in this case the jury returned what is known as a partial verdict; that is, a verdict finding the accused guilty of only a part of the crime charged in the information; and in such cases it is necessary for the jury to specify the particular offense of which they find the defendant guilty. We think the correct rule is well stated by Mr. Bishop in the following language:

"If the jury would convict the defendant of a part of the accusation and acquit him of the residue, whether a part of a count or a part of the counts, their finding must convey the idea, which in form of words will depend on the offense and particular averments." 1 Bishop, New Criminal Procedure, § 1005a, subd. 3.

It is possible, of course, that the jury intended to convict the appellant of the statutory offense of an assault with a deadly weapon with intent to inflict a bodily injury, but, if such was their intention, they utterly failed to express the idea by the words they employed. It is the intent with which the injury is inflicted, or attempted, that constitutes the offense of an assault with a deadly weapon, with intent to inflict a bodily injury. *State v. Malcom*, 8 Iowa, 413. And the intent, being a necessary ingredient of the offense, must not only be alleged in the information but found as a fact by the jury. See *State v. Dolan*, 17 Wash. 499 (50 Pac. 472); *State v. Daley*, 41 Vt. 564.

Under the law of this state there is no such crime as "assault with a deadly weapon," but, rejecting the words "with a deadly weapon" as surplusage in this indictment, we still have a clear finding of guilty of assault, which

is merely a misdemeanor punishable by fine and imprisonment in the county jail, and which is necessarily included in the offense charged in the information. This view is supported, we think, by numerous decisions in analogous cases, among which are: *Ex parte Ah Cha*, 40 Cal. 426; *Ex parte Max*, 44 Cal. 581; *People v. English*, 30 Cal. 214; *People v. Cozad*, 1 Idaho, 167; *Wilson v. State*, 25 Tex. 169; *O'Leary v. People*, 4 Parker Cr. Rep. 193; *People v. Davis*, 4 Parker Cr. Rep. 61. See, also, *Commonwealth v. McGrath*, 115 Mass. 150.

We are constrained to hold that appellant's objection that the judgment is not warranted by the verdict is well taken, and must be sustained.

The judgment and sentence of the court is reversed, and the cause remanded to the superior court, with direction to sentence the appellant on the verdict as and for a simple assault.

FULLERTON, C. J., and MOUNT and HADLEY, JJ., concur.