(June 17, 1914.)

## STATE, Respondent, v. DWIGHT E. CANNON and FERDINAND SCHUSTER, Appellants.

[140 Pac. 963.]

CRIMINAL LAW—CONTINUANCE—POSTPONEMENT.

1. Where an affidavit for the postponement of the trial of a criminal action is based on the absence of a material witness and of a document in the possession of such witness, even though the testimony of such witness and .the document itself are of impeaching character, and the affidavit shows that after being served with a subpoena in the case such witness has left the state to answer to a charge of felony in another state, refusing to surrender such document because he deems it material in his own trial, but there is reasonable probability that he will return with the document and testify if the present trial is postponed as requested, for a period of ten days or two weeks, and it does not appear that either the court or the state will be incommoded by such postponement, it is an abuse of discretion on the part of the trial court to refuse such postponement.

APPEAL from the District Court of the Fourth Judicial District, in and for the County of Twin Falls. Hon. Edward A. Walters, Judge.

Defendants were convicted of selling intoxicating liquor in violation of the local option law, and sentenced to terms of imprisonment and to pay a fine of $500 each. Judgment *reversed.*

W. P. Guthrie and A. M. Bowen, for Appellants.

"A defendant in a criminal action is undoubtedly entitled to the personal attendance of his witnesses at the trial, if the same can be obtained without unreasonable delay." (*Cremeans v. Commonwealth,* 104 Va. 860, 52 S. E. 362, 2 L. R. A., N. S., 721; *People v. Dodge,* 28 Cal. 445, 448.)

"It is improper to compel a defendant to go to trial upon the admission only of part of a showing, if material and

proper, as the accused is entitled to have it considered in its entirety.'' (9 Cyc. 186.)

If a defendant has relied on the promise of a material witness, residing beyond the jurisdiction of the court, to attend the trial, and so has omitted to take his deposition, and the witness fails to appear, a continuance should be granted. (*People v. Brown,* 46 Cal. 102.)

J. H. Peterson, Atty. Genl., J. J. Guheen, E. G. Davis and T. C. Coffin, Assistants, for Respondent.

The courts have been uniform in holding that a continuance should not be granted upon a showing of this nature, wherein the testimony to be adduced is only of an impeaching nature. (*Gerstenkorn v. State,* 38 Tex. Cr. App. 621, 44 S. W. 503; *Gipson v. State,* 58 Tex. Cr. App. 403, 126 S. W. 267; *Giles v. State* (Tex. Cr. App.), 157 S. W. 943; 4 Ency. Pl. & Pr. 853; Dec. Digest, Criminal Law, sec. 596, subd. 3.)

FLYNN, District Judge.—Defendants were convicted of violating the local option law, under an information containing two counts: The first charging the defendants with an illegal sale of whisky on April 5, 1913, and the second, charging a like sale on the following day. From a judgment of fine and imprisonment against each defendant on each count, and from an order overruling their motion for a new trial, defendants appeal.

The first assignment of error is that the trial court abused its discretion in refusing to grant a postponement of the trial for a period of ten days or two weeks. The information was filed on April 30, 1913, and defendants on the following day pleaded not guilty. Before the case was set for trial, affidavits for continuance were filed and the case continued for the term. On October 10, 1913, the case was set for trial on October 21st. The record does not show that the case was called or reached until October 31st, on which day it was again set for trial on November 6th, 1913. At the opening of court on November 5th, defendants moved for a postponement of the trial for a period of ten days or two

weeks and filed in support of said motion the affidavit of defendant Cannon. The motion was denied and a recess was taken by the court until 1:30 P. M. of that day, at which time defendants filed a supplementary affidavit of Cannon in support of their motion for postponement, and the motion was again denied, whereupon the trial proceeded with the result above stated.

Without desiring to countenance a practice which might permit or encourage attorneys to fire one charge of legal ammunition at a trial court and await results before firing again, we think that these two affidavits should be considered as a whole in determining whether there was error in denying the postponement prayed for. The first of these two affidavits recites that on October 11, 1913, affiant caused a subpoena to issue, which was served on one Hutto, a necessary and material witness for defendant; that Hutto agreed to be present and testify, but that through no fault of affiant or of his own Hutto is compelled to be absent from the state, for the reason that Hutto is under bail to appear before the district court of Elko county, Nevada, on an indictment for a felony therein pending, the trial of which has been set for November 10th, 1913; that said Hutto has been compelled to go to Nevada to answer to said indictment and to properly defend himself to the charge therein; that without affiant's knowledge and notwithstanding the service of said subpoena, Hutto left the state of Idaho and refuses to return until after his own trial in Nevada; that Hutto agrees to be present and will be present and testify on behalf of defendant if this cause is postponed to another day of the present term. The affidavit states that Hutto will testify that on and prior to May 10, 1913, T. F. McConvill, the prosecuting witness against this defendant on the charge herein, stated to Hutto that he, McConvill, had never purchased or been given any liquor by this defendant and that he had no relations with this defendant in regard to any matters which might constitute a violation of the liquor laws of this state; that McConvill stated that any testimony given by him against this defendant would be false, and that he considered it best to leave the state of

Idaho so that he might not be compelled to take the stand; that he requested Hutto to procure a conveyance for him so that he might leave the state and go to Mexico; that he did leave the state May 10, 1913; that in the presence of said Hutto, he signed the following written statement:

"State of Nevada, ⎱ ss.
  County of ———, ⎰

"T. F. McConvill, being by me first duly sworn, upon his oath, says: I am the prosecuting witness in the criminal actions, wherein the State of Idaho is prosecuting S. W. Harris, James T. Nelson, Fred Estes, Dwight E. Cannon and Ferdinand Schuster for illegal sale of intoxicating liquors, now pending in the District Court of the Fourth Judicial District of the State of Idaho, in and for the county of Twin Falls, and I am a witness for the state in each and all of said cases.

"I make the statement freely and voluntarily that I have never at any time bought of said parties above named, or either of them, any intoxicating liquors, and neither of said parties has at any time given me any intoxicating liquors.

"T. F. McCONVILL."

Cannon's second affidavit is in substance as follows: A reiteration and adoption of the statements and allegations of his first affidavit; that Hutto has the original statement alleged to have been signed by McConvill, and refuses to surrender the same, because he deems it material evidence in his own behalf at his forthcoming trial in Nevada; that if this trial is postponed until a later date of the present term, or until on or about November 17, 1913, affiant will be able to procure the said original statement from Hutto and show by an inspection thereof and comparison with other documents signed by McConvill and also by handwriting experts and others familiar with McConvill's signature that said statement was in fact signed by McConvill; that affiant is informed that McConvill intends to deny his signature thereto and that affiant cannot corroborate Hutto's testimony except by production of the original document.

The prosecuting attorney objected to the postponement, but gave no reasons therefor, and admitted that if Hutto were

present in court he would testify to the facts set forth in the first of the foregoing affidavits, whereupon the application for postponement was denied.

Defendant's bill of exceptions, certified to by the trial judge, recites "that it appeared to the court that said postponement would not require the cause to go over for the term of court but that the said term would and did continue until after the 20th day of December of said year, during which time a jury would be and actually was in attendance upon the said court for the trial of any and all causes coming before the same."

Section 7795, Rev. Codes, provides that "When an indictment is called for trial, or at any time previous thereto, the court may, upon sufficient cause, direct the trial to be postponed to another day of the same or of the next term." What is "sufficient cause" is a matter to be determined by the trial court, and its action in respect of the postponement or continuance can be disturbed only where the record shows an abuse of judicial discretion. This court has heretofore held that "To entitle the defendant to a postponement of the trial on the ground of the absence of a witness, he must show what he expects to and will prove by such witness; that such evidence is material to his defense; that such evidence is true; that the witness is not absent by his procurement or with his consent; that he has used due diligence to procure the presence of said witness at the trial, and failed to do so; and that there is a reasonable probability that he can and will procure the attendance of said witness at the next term of the court." (*State v. Corcoran,* 7 Ida. 220, 61 Pac. 1034.)

It has also been decided that the provisions of sec. 4372, Rev. Codes, are applicable to the trial of criminal actions. That statute provides: "A motion to postpone a trial on the ground of the absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it. The court may also require the moving party to state, upon affidavit, the evidence which he expects to obtain; and if the adverse party thereupon admit that such evidence would be

given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial must not be postponed.'' (*Territory v. Guthrie,* 2 Ida. 432, 17 Pac. 39.)

Under the rules prescribed by the foregoing statutory provisions, as construed in the above decisions, did the trial court err in refusing to postpone the trial? In determining this question, we are of the opinion that the period of the postponement asked for is a very material element to be considered. Though there might be no abuse of discretion in refusing to permit a continuance which would cause the trial to go over the term, it may easily happen that under the same showing it would be error to deny a postponement of the trial until a later day in the same term. Trial courts are usually fully justified in refusing not only continuances, but even temporary postponements, where such postponements would so disarrange their calendars as to leave the court and jury without cases to hear or necessitate an unreasonable retention of trial juries and the consequent expense to the county, or the prolonged detention of the state's witnesses with the added expense and possible loss of their testimony; but none of these reasons appear here, and the record fails to show the grounds of the prosecuting attorney's objection to postponement.

The affidavits for a postponement in this case are in conformity with the rule stated in *State v. Corcoran, supra,* except that they fail to state ''that such evidence is true,'' but inasmuch as the affidavits state explicitly that the written statement of McConvill was signed by him, that Hutto saw him sign it and would so testify and would present the statement in court for inspection, we think that the affidavits should not be held insufficient in this regard.

While we recognize and approve the rule that continuances should not be granted to secure testimony for the purpose of impeachment, we feel that the interests of justice and the right of defendant to have all the material evidence available in his behalf presented to the jury would have been better preserved by granting the postponement in this case. It does not appear that the postponement would have incommoded the court or the prosecution; and it is shown that defendants

were diligent in their efforts to obtain the absent evidence; that the evidence was material; that there was a reasonable probability of securing it within ten days or two weeks. Keeping in mind the fact that there is a difference between an application for a continuance over the term and a short postponement within the term, we feel that where an affidavit for the postponement of the trial of a criminal action is based upon the absence of a material witness and of a document in the possession of such witness, even though the testimony of such witness and the document itself are of impeaching character, and after being served with a subpoena in the case such witness has left the state to answer to a charge of felony in another state, refusing to surrender such document because he deems it material in his own trial, but there is reasonable probability that he will return with the document and testify if the present trial is postponed as requested for a period of ten days or two weeks, and it does not appear that either the court or the state will be incommoded by such postponement, it is an abuse of discretion on the part of the trial court to refuse such postponement.

This determination renders it unnecessary to pass on the other assignments of error. It is therefore ordered that the judgment of the trial court be reversed and that a new trial be granted to defendants.

No oral argument has been made in this case and the foregoing conclusion has been reached solely from an examination of the record and briefs on file in this court.

Ailshie, C. J., and Sullivan, J., concur.