[No. 33748.   Department One.   May 9, 1957.]

THE STATE OF WASHINGTON, *Respondent,* v. ERMIE ESTILL, *Appellant.*[1]

[1] Reported in 310 P. (2d) 885.

246

*John Caughlan*, for appellant.

*Charles O. Carroll* and *James A. Andersen*, for respondent.

MALLERY, J.—Ermie Estill appeals from a conviction under an information, the charging part of which reads:

"She, the said ERMIE ESTILL, in the County of King, State of Washington, on or about the 27th day of May, 1955, being an applicant for and recipient of Public Assistance, then and there, willfully, unlawfully and feloniously did make and subscribe an application, statement or other paper, to-wit: a Resource Statement in which the said ERMIE ESTILL stated that she did not own and had no interest in any automobile and that she, the said ERMIE ESTILL had not been employed within the two years prior to May 27th, 1955, and that she, the said ERMIE ESTILL was not buying anything on credit, *that she, the said Ermie Estill, did not have any income from any source, such as relatives or other agencies,* when in truth and fact, the said ERMIE ESTILL well knew that said statements were false, she, the said ERMIE ESTILL then and there well knowing that she did own or have an interest in a 1955 Chevrolet Automobile, and that she, the said ERMIE ESTILL had been employed as a housemaid by various persons during the year 1954 and in 1955, during certain months prior to May 27th, 1955, and that she, the said ERMIE ESTILL was making various

credit purchases, *and that she, the said Ermie L. Estill, knowing she had income from other sources, including relatives or other agencies,* all of said matters being material and the said Resource Statement being a form which the Director of Public Assistance did by rule and regulation require to, and then and there did, contain a written declaration that it was made under the penalties of perjury;

"Contrary to the statute in such case made and provided, to-wit: RCW 74.08.055, and against the peace and dignity of the State of Washington." (Italics ours.)

The italicized language was a trial amendment to the second amended information. It was made during the cross-examination of appellant. The motion to amend was made and granted in the presence of the jury.

It was error to make the motion to amend the information in the presence of the jury. However, appellant had testified, on direct examination without objection, to the effect that her father, son, and fiance had aided her financially. The motion was in accord with Rule of Pleading, Practice and Procedure 12, as amended, 34A Wn. (2d) 76.

The practice of making such motions in the presence of a jury is not to be commended. However, the error in this instance does not require the granting of a new trial, because it was not prejudicial under all of the circumstances. The appellant did not claim surprise or move for a continuance, in order to give her an opportunity to defend against the amendment.

The trial amendment did not change the language of the charging part of the information, it only specified an additional way in which the crime charged had been committed. Therefore, appellant's contention that the trial amendment contravened the tenth amendment to the state constitution, which guarantees the right to "demand the nature and cause of the accusation," is without merit.

Appellant contends that each separate false statement or false answer in the "Resource Statement" constitutes a separate offense and must be alleged in a separate count. To this there are two answers. The applicable rule is stated in *State v. Pierson,* 101 Wash. 318, 172 Pac. 236, as follows:

"Objections to the information because of duplicity cannot be raised for the first time on appeal, nor at any time after the entry of a plea of not guilty, unless such plea be withdrawn. *Territory v. Heywood*, 2 Wash. Terr. 180, 2 Pac. 189; *State v. Snider*, 32 Wash. 299, 73 Pac. 355, *State v. McBride*, 72 Wash. 390, 130 Pac. 486."

No objection was made on this ground in the court below.

■ The trial amendment did not charge another crime simply by adding a new specification as to the method by which the crime charged had been committed. In *State v. Eaid*, 55 Wash. 302, 104 Pac. 275, we quoted with approval from 30 Cyc. 1439:

" 'An indictment for perjury may embrace in a single count all the particulars in which the defendant is alleged to have sworn falsely; but each fact sworn to should be stated in definite and separate assignments, and each traversed, so that if either assignment is proved, the indictment may be sustained. If one assignment of perjury is sufficient, an improper assignment in connection with it will not vitiate the indictment. The fact that an indictment charges two distinct false statements under oath does not render the indictment bad if the statements were both given under one oath and in one proceeding.' "

Appellant's attorney had objected to a question by saying, "I think it has been answered." The court overruled the objection by saying, "The witness has refused to answer the questions directly."

■ Appellant contends this ruling by the court commented on the evidence in violation of Art. IV, § 16, of the state constitution. We have repeatedly held that the court may state its reason in ruling upon an objection (*State v. Harold*, 45 Wash. (2d) 505, 275 P. (2d) 895) and, in any event, it is not a comment upon the evidence within the purview of the state constitution. In *State v. Rio*, 38 Wn. (2d) 446, 230 P. (2d) 308, we said:

"To be a comment on the evidence within the purview of the constitutional prohibition, the jury must be able to infer from what the court said or did that he personally believed or disbelieved the testimony in question. *State v. Brown*, 19 Wn. (2d) 195, 142 P. (2d) 257; *State v. Hart*, 26

Wn. (2d) 776, 175 P. (2d) 944; and *State v. Clayton,* 32 Wn. (2d) 571, 202 P. (2d) 922."

■ The appellant contends that the court was guilty of prejudicial misconduct toward appellant's witnesses when it threatened them with punishment for contempt. None of the incidents involved in this assignment of error occurred in the presence of the jury. It, therefore, could not have affected the outcome of the trial, and is not reversible error.

■ An assignment of error is directed to a series of questions asked appellant and one of her witnesses upon cross-examination. We do not reach the merits on any of them for some one or more of the following situations existing in each instance. Either no objection was made or the objection was sustained and the line of questioning was not pursued, or no reason for the objection was given, or the question was answered before the objection was made with no request that the court instruct the jury to disregard it, or the witness voluntarily answered after the court sustained the objection, or the objection was made immediately before adjournment without a ruling or answer and the matter was never adverted to again.

The judgment is affirmed.

HILL, C. J., FINLEY, WEAVER, and OTT, JJ., concur.

---

June 27, 1957. Petition for rehearing denied.